11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Gerald
Milici et al

Appellants

Vs.                   No. 11-03-00373-CV -- Appeal from Palo Pinto
County 

Corrections
Corporation of America

Appellee

 

This is an appeal from the trial court=s order granting summary judgment and
dismissing the claims and causes of actions. 
We affirm.

Appellant inmates[1]
sued Corrections Corporation of America (CCA) for negligence arising out of an
incident in which several inmates were hospitalized and treated for food
poisoning after eating at CCA=s
facility in June 2000.  The case was
filed in June 2002.  On November 19,
2002, the trial court signed an order granting an Agreed Motion for Entry of
Level 3 Discovery Control Plan.  The
trial court ordered that discovery be completed by September 5, 2003.  On September 2, 2003, CCA filed a no-evidence
motion for summary judgment.  On
September 8, 2003, CCA also filed a traditional motion for summary judgment and
a motion to dismiss for appellants=
failure to comply with discovery requests. 
On October 2, 2003, appellants filed a motion for continuance and a
request to modify the scheduling order to allow more time for discovery.

On October 3, 2003, the trial court held a hearing
on all of the above motions.  The court
first denied the motion for continuance. 
The court next granted the no-evidence motion for summary judgment,
making it unnecessary for the court to rule on CCA=s
traditional summary judgment motion, CCA=s
motion for dismissal, and appellants=
request for rescheduling.








In their only issue on appeal, appellants argue
that the trial court abused its discretion by not permitting additional time
for appellants to complete discovery prior to ruling on the no-evidence motion
for summary judgment.  We disagree.  We review the trial court=s denial of a motion for continuance of
a summary judgment hearing under an abuse-of-discretion standard.  Tenneco, Inc. v. Enterprise Products
Company, 925 S.W.2d 640, 647 (Tex.1996); Finlan v. Dallas Independent
School District, 90 S.W.3d 395, 412 (Tex.App. B
Eastland 2002, pet=n den=d). 
A trial court abuses its discretion in this context only if the record
clearly demonstrates that the denial was arbitrary and unreasonable.  Finlan v. Dallas Independent School
District, supra.  It is generally not
an abuse of discretion by the trial court to deny a motion for continuance of a
summary judgment hearing if the party has received the 21-day notice of the
hearing required by TEX.R.CIV.P. 166a(c). 
Finlan v. Dallas Independent School District, supra.

There is nothing in the record suggesting that
appellants did not receive timely notice. 
CCA requested the hearing on September 2, 2003, and certified that a
copy of the request had been properly sent to appellants.  The hearing was set for a month later, on
October 3, 2003.  Appellants do not
dispute that they received 21 days notice of the summary judgment hearing.

There is also nothing in the record suggesting
that the trial court=s
decision was arbitrary or unreasonable. 
Appellants assert that they needed additional time for discovery based
on circum-stances beyond their control. 
CCA counters that there is no evidence in the record to show that
appellants had not already received adequate time to conduct discovery.  An adequate time for discovery depends upon
the nature of the claims, the evidence needed to controvert the motion, the
length of time the case has been on file, and any deadlines set by the
court.  Carter v. MacFadyen, 93
S.W.3d 307, 311 (Tex.App. B
Houston [14th Dist.] 2002, pet=n
den=d).

Appellants=
cause of action allegedly arose in June 2000. 
The case was filed two years later. Generally, a trial court may presume
that a plaintiff has investigated his own case prior to filing.  Carter v. MacFadyen, supra.  The discovery order was signed on November
19, 2002, giving appellants an additional 11 months for discovery.  CCA filed its no-evidence motion for summary
judgment on September 2, 2003, more than 14 months after appellants= petition was originally filed. It was
filed 3 days before the September 5, 2003, discovery deadline set by the
court.  When the pretrial hearing was
held on October 3, 2003, the case had been on file for more than 15 months.
Appellants have made several assertions as to why they needed additional time
for discovery but have failed to support these assertions with evidence.  








A party seeking more time to oppose a summary
judgment must file an affidavit describing the evidence sought, explaining its
materiality, and showing the due diligence used to obtain the evidence.  Carter v. MacFadyen, supra.  The affidavit must show why the continuance
is necessary; conclusory allegations are not sufficient.  See National Union Fire Insurance Company
of Pittsburgh, Pennsylvania v. CBI Industries, Inc., 907 S.W.2d 517, 520
(Tex.1995); Carter v. MacFadyen, supra. 
The only affidavit appellants filed was an affidavit in which appellants
verified that the statements in the motion for continuance were true and
correct.  This is insufficient to support
appellants=
conclusory allegations that they did not receive adequate time for discovery.

Because a myriad of factors may affect an Aadequate time for discovery,@ we must defer to a trial court=s discretion, absent abuse.  Carter v. MacFadyen, supra.   We can
find nothing in the record which would allow us to substitute our judgment for
that of the trial court.  Carter v.
MacFadyen, supra.  We overrule
appellants= only
issue on appeal.

The order of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

March 24, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Appellants are Gerald Milici; Rodolfo Perez; Terry
Davis; Robert L. Hall; Rogerio Rendon; Deondre Harrell; Jay Parrish; Anthony L.
Mitchell; William Lee Thomas; Stewart Lamont Rice; Aaron Waymon Allen; Jerry W.
Smith; Jesse L. Perez, Jr.; Stephen R. Short; Miguel Yepes; and Tracy Denard
Osby.